UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AZIZ OBIDOV,

                Plaintiff,

-v.-

CHAD F. WOLF, *Acting Secretary of Homeland Security*,

                Defendant.

20 Civ. 8865 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

    Plaintiff Aziz I. Obidov, a lawful permanent resident living in Brooklyn, New York, paid the fees to file this *pro se* complaint alleging that the United States Citizenship and Immigration Service ("USCIS") failed to adjudicate his application for naturalization properly. For the following reasons, this matter is transferred to the United States District Court for the Eastern District of New York.

## BACKGROUND

    On July 18, 2019, Plaintiff filed a lawsuit in this District, which lawsuit provides context for the Court's resolution of the instant case. *See Obidov* v. *Wolf*, No. 19 Civ. 6712 (GBD) (BCM) ("*Obidov I*"). Therefore, the Court provides a brief recitation of the relevant facts of *Obidov I* before turning to the issues raised before this Court.

    In *Obidov* I, Plaintiff alleged that USCIS failed to adjudicate his naturalization application within the 120-day time frame set forth in 8 U.S.C. § 1447(b). *Obidov I*, Dkt. #2 (July 18, 2019). Because Plaintiff resides in Brooklyn, Magistrate Judge Barbara C. Moses ordered Plaintiff to show cause

why the action should not be transferred to the United States District Court for the Eastern District of New York.[1]  Before the venue issue could be addressed, however, the United States Attorney's Office appeared on behalf of USCIS and agreed to adjudicate Plaintiff's naturalization application within thirty days. *Id.*, Dkt. #7 (Aug. 14, 2019).  On August 19, 2019, the court dismissed *Obidov I* under a stipulated agreement.  *See id.*, Dkt. #8 (Aug. 19, 2019).

On October 4, 2019, Plaintiff moved to reopen *Obidov I* and for sanctions, alleging that USCIS had not met its deadline under the stipulation.  *Obidov I*, Dkt. #11 (Oct. 4, 2019).  On December 11, 2019, Judge Moses issued an order memorializing a new agreement between the parties.  *See id.*, Dkt. #28 (Dec. 11, 2019).  Thereafter, Plaintiff repeatedly moved to reopen the case, alleging that the Government had failed to comply with the December 11, 2019 agreement, but Judge Moses denied Plaintiff's motions.  *See id.*, Dkt. #40, 44.

By letter dated September 30, 2020, the Government informed the court that Plaintiff's naturalization application had been denied, and that Plaintiff had been informed of that denial and of his right to appeal in the United States District Court for the Eastern District of New York.  *Id.*, Dkt. #49 (Sept. 30, 2020).  Shortly thereafter, on October 21, 2020, rather than appealing the denial of his naturalization application to the United States District Court for

---

[1]  An applicant for naturalization may seek review in federal district court if "there is a failure to make a determination" within 120 days of the applicant's examination. 8 U.S.C. § 1447(b).  To receive such review, "the applicant may apply to the United States district court for the district in which the applicant resides[.]"  *Id.*; *see also, e.g., Ibrahim* v. *Gantner*, No. 08 Civ. 8829 (LAP), 2008 WL 1827493 (S.D.N.Y. Mar. 24, 2008) (granting Government motion to transfer to district in which applicant resided).

2

Eastern District of New York, Plaintiff initiated the instant suit. (Dkt. #1 ("Complaint"). There has been no additional activity in *Obidov I*. To date, the Court is not aware of any action brought by Plaintiff in the United States District Court for the Eastern District of New York.[2]

In his Complaint before this Court, Plaintiff alleges that USCIS violated his rights by "refus[ing] to repair" a "245(i)-related defect on [his] record. Such defect has recently adversely affected [his] eligibility for US Citizenship," and caused him "extreme hardship and suffering." (Complaint ¶ III).[3] Plaintiff further asserts that he has "successfully overcome all USCIS' inquiries for additional evidence," and he asks the Court to "exercise most favorable discretion in my favor," and to award him money damages. (*Id.* at ¶¶ III-IV)

By Order dated October 29, 2020, the Court directed the parties to show cause why this case should not be transferred, under 8 U.S.C. § 1447(b), to the Eastern District of New York. (Dkt. #4). The Court also ordered Plaintiff to: (i) serve a copy of the Order to Show Cause on the Government; (ii) serve the Government with a summons and the Complaint to the extent Plaintiff had not yet done so; and (iii) file proof of such service with the Court. (*Id.*).

By letter dated November 30, 2020, Plaintiff opposed transferring the case to the United States District Court for the Eastern District of New York. (Dkt. #6). Plaintiff argued that the matter should not be transferred because:

---

[2]   An attachment to one of the Government's filings in *Obidov I* shows that Plaintiff's naturalization application was handled by the USCIS Brooklyn Field Office. *See Obidov I*, Dkt. #47, Ex. A).

[3]   8 C.F.R § 245.10(i) governs adjustment of status.

3

(i) the parties are "bound by and ha[ve] an ongoing arrangement as ordered by this Court in the aftermath of" *Obidov I*; (ii) the Government has not "fully complied" with orders issued in *Obidov I*; (iii) *Obidov I* "remains unresolved, albeit administratively closed"; and (iv) the Government is still "legally bound to comply with this Court's order to resolve the case promptly and notify this Court regularly of any progress made." (*Id.*). Although not properly served with process in this case, the Government submitted a letter arguing that this case should be transferred to the United States District Court for the Eastern District of New York. (Dkt. #5).[4]

## DISCUSSION

Judicial review of the denial of a naturalization application lies "before the United States district court for the district in which such person resides." 8 U.S.C. § 1421(c); *see also* 8 C.F.R. § 310.5 (application for judicial review is proper in "the United States District Court having jurisdiction over the district in which the applicant resides"). A court considering an application for such review "shall make its own findings of fact and conclusions of law and shall, at the request of [the plaintiff], conduct a hearing *de novo* on the application." 8 U.S.C. 1421(c); *Boatswain* v. *Gonzales*, 414 F.3d 413, 415 n.2 (2d Cir. 2005).

No party disputes that Plaintiff resides in Brooklyn and seeks judicial review of the denial of his naturalization application, which was handled by the USCIS office in Brooklyn. (*See generally* Dkt. #5, 6; *see also* Complaint ¶ II.A

---

[4] The Government's letter indicates that Plaintiff sent an email alerting the Government that this new case had been filed. (Dkt. #5, Ex. A). To the Court's knowledge, Plaintiff still has not properly served the Government in this case.

4

(stating that Plaintiff's address is in Brooklyn)). Plaintiff has already been alerted that his remedy is to seek judicial review in the United States District Court for the Eastern District of New York. *See Obidov I*, Dkt. #49.

Plaintiff's argument that *Obidov I* somehow vests this Court with jurisdiction is unavailing. *Obidov I* is a closed case, and despite Plaintiff's protestations that this case is "inherently the same case" as *Obidov I* (Dkt. #6), Judge Moses repeatedly denied his attempts to reopen *Obidov I* (*see Obidov I*, Dkt. #40, 44). Here, Plaintiff seeks judicial review of the denial of his naturalization application. (Compl. ¶¶ I.A; III; *see also* Dkt. #6). Thus, to the extent there are any issues left to be adjudicated in *Obidov I*, that matter is not before this Court and provides no reason for this Court to disobey the statutory requirement that judicial review of the denial of a naturalization application lies "before the United States district court for the district in which such person resides." 8 U.S.C. § 1421(c). Accordingly, the Court directs that this matter be transferred to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a).[5]

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this Court. This Order closes this case. Plaintiff has consented to electronic service. (Dkt. #3).

---

[5]   To the extent Plaintiff seeks to "use the recorded material from [*Obidov I*] to support new arguments" (Dkt. #6), Plaintiff may do so before the United States District Court for the Eastern District of New York.

SO ORDERED.

Dated:     December 10, 2020
               New York, New York

                                                    KATHERINE POLK FAILLA
                                               United States District Judge